In the Matter of the BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 2, TOWN OF OYSTER BAY, Appellant, *v.* EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent, and CORA C. CULLEN, Intervenor-Respondent.

Third Department, April 5, 1971.

*George C. Pratt* for appellant.

*Lawrence W. Reich* and *Robert D. Stone* for respondent.

*Sneeringer & Rowley* (*Richard R. Rowley* of counsel), for intervenor-respondent.

HERLIHY, P. J. This is an appeal by the Board of Education from a judgment of the Supreme Court at Special Term in Albany County, entered October 10, 1969, which dismissed its petition upon a motion by the respondent for such relief upon the ground that the petition did not state facts sufficient to constitute a cause of action. The petition seeks review of a determination by the respondent pursuant to article 78 of the CPLR upon the ground that the respondent's decision was arbitrary and capricious.

Cora Cullen (intervenor-respondent) was duly licensed by the State of New York as a nurse and was also certified as a permanent nurse-teacher. It appears that the petitioner required nurses as employees and that the position filled by Mrs. Cullen had no particular relevance to the fact that she was certified as a nurse-teacher, but that she was employed because she was qualified as a nurse. Mrs. Cullen was consistently paid by the petitioner upon a salary schedule established by it for nurses, or nurse-teachers which although it exceeded at all times the minimum salary for nurse-teachers required by the State was lower than that which was paid to regular teachers. Mrs. Cullen was quite aware of the distinction in the salary schedules for nurses and/or nurse-teachers and regular teachers and as early as 1958 she wrote to the School Superintendent requesting that the Board of Education place duly certified nurse-teachers upon the same salary schedule as regular teachers. Mrs. Cullen was duly notified on March 25, 1959 that the Board of Education had disapproved her request to be paid in accordance with regular teachers' salary schedules.

It appears that Mrs. Cullen continued to object to the distinction in the salary schedule throughout her employment until she finally determined to retire on July 1, 1968. Mrs. Cullen appealed to the respondent a few days prior to her retirement seeking to recover the difference between the salary she had received throughout all of the years of her employment by the petitioner and that which it had during those years paid to regular teachers. The respondent determined that the compensation of duly certified nurse-teachers according to a schedule different from the one for regular teachers was an unreasonable discrimination and ruled that Mrs. Cullen should have been compensated in accordance with the schedule for regular teachers at all times during her employment by the petitioner.

The petitioner in the proceeding before the respondent contended that its distinction in salary schedules was reasonable and further that Mrs. Cullen was not entitled to receive any back compensation because she did not commence a proceeding before the respondent " within 30 days from any of the actions complained of " by her (8 NYCRR 275.16) and that " her petition and appeal is barred by laches."

The respondent directed the petitioner to pay back compensation to Mrs. Cullen except as to such periods which were more than six years prior to the commencement of the proceeding before him. The respondent did not mention in his decision anything in regard to the failure of Mrs. Cullen to commence a proceeding before him within 30 days from the dates when the petitioner rejected Mrs. Cullen's protests and/or requests as to salary schedules.

In our opinion, the question of whether or not school districts may employ duly certified teachers in alleged nonteaching positions and compensate such teachers at a salary schedule lower than " regular " teachers is a matter pertaining to the general school system of the State and unless his determination should appear to be purely arbitrary as an excess of his authority or as a misapplication of the applicable law, it is not subject to judicial review. (See Education Law, § 310; *Matter of Vetere* v. *Allen,* 15 N Y 2d 259, cert. den. 382 U. S. 825; *Matter of Board of Educ. of City of N. Y.* v. *Allen,* 6 N Y 2d 127; *Matter of Lubell* v. *Nyquist,* 31 A D 2d 569, mot. for lv. to app. den. 23 N Y 2d 645.)

The respondent recognized that the courts have held that a Board of Education may make reasonable salary distinctions between classes of employees (citing, *inter alia, Gladstone* v. *Board of Educ. of City of N. Y.,* 26 A D 2d 838, affd. 19 N Y 2d 1004), but held that the petitioner had acted unreasonably insofar as putting a certified teacher in a nonteaching category is concerned. It would appear that this is a policy matter concerning educational soundness which would permit the respondent to substitute his judgment for that of the local board regardless of the reasonableness of the local board's action. (See *Matter of Vetere* v. *Allen, supra.*) Accordingly, we do not perceive any basis for a review of the subject determination insofar as it refuses to permit a distinction between Mrs. Cullen and regular teachers.

However, the respondent has apparently exceeded his power insofar as he has attempted to direct the payment of back salary to Mrs. Cullen. She has, in all instances subsequent to six years from the time when she instituted her proceeding before the

respondent, made protests to the petitioner and received determinations adverse to her. It does not appear that Mrs. Cullen would have had any cause of action at law for the difference in the salary schedules either by an article 78 proceeding in the nature of mandamus or by a direct action on the contract against the board. (See *Harman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 21.) Since we do not perceive where Mrs. Cullen had any legal right to back salary at the time she commenced her proceeding before the respondent, it is our opinion that so much of the determination of the respondent was prima facie, purely arbitrary and capricious and, under the circumstances, the respondent had no authority to direct the payment of back wages. However, the respondent has not yet filed an answer in the present proceeding and, accordingly, we limit our present holding to a finding that the petition upon its face and the papers in support thereof are sufficient to establish a right to review pursuant to article 78.

The judgment should be reversed, with costs against the respondent Commissioner of Education; motion denied and matter remitted for further proceedings not inconsistent with this opinion.

Reynolds, Staley, Jr., Sweeney and Simons, JJ., concur.

Judgment reversed, with costs against the respondent Commissioner of Education; motion denied, and matter remitted for further proceedings not inconsistent with this opinion.